Filed 5/5/26  P. v. Escovedo CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085347 |
| Plaintiff and Respondent, | (Super. Ct. No. SCD293805) |
| v. | |
| ANDREW SANCHES ESCOVEDO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kimberlee A. Lagotta, Judge.  Affirmed.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Andrew Sanches Escovedo of three counts of committing a lewd act on a child under the age of 14 years in violation of Penal Code section 288, subdivision (a).[1]  The jury also found true allegations for each count that Escovedo had substantial sexual conduct with the victim

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

within the meaning of section 1203.066, subdivision (a)(8). The trial court sentenced Escovedo to six years in state prison. Escovedo appeals, and his court-appointed counsel filed a brief raising no issues but seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*). We informed Escovedo of his right to file a supplemental brief under *Wende* and *Anders*, but he did not respond. Based on our independent review of the record, we find no reasonably arguable appellate issues and affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

Jane Doe was born in January 1983. When Doe was five years old, her family moved to Oceanside and thereafter to various neighborhoods in San Diego County. During this time, Doe and her brother, who was three years younger, would spend the night at the home of her maternal grandmother and step-grandfather, Escovedo, in the Clairemont neighborhood of San Diego.

The earliest Doe recalled spending the night with her grandmother and Escovedo was when she was six years old. Doe testified that she and her brother slept in same bed with them when the children stayed overnight. Doe recalled that Escovedo slept on the left side of the bed next to her, her brother in the middle next to her, and their grandmother on the right side of the bed. Doe testified that during these nights, Escovedo put his hands down her pants on multiple occasions and touched the bare skin of her vagina with his hands. Doe specifically remembered Escovedo touching her labia.

Doe testified that on one occasion, she switched sleeping positions with her brother to prevent Escovedo from touching her. Then, one night when she was seven or eight years old, she dug her fingernails into Escovedo's

2

penis as hard as she could.  Escovedo never touched Doe in an inappropriate manner again.  When Doe was nine years old she told her cousin Leanne about Escovedo touching her.  Doe told her mother about the touching when she was 16 years old.  When she was in high school, Doe also told a friend named Andrew, who passed away a few years later.

Doe decided to report the abuse to authorities in 2021.  Detective Daniel Rodriguez-Bahena was assigned to investigate.  He arranged for Doe to make a recorded phone call with Escovedo to attempt to obtain incriminating statements about the abuse.  The recording was played for the jury at trial.  During the conversation, Escovedo initially said he did not remember molesting Doe, but he did remember the children sleeping in the bed with him and his wife.  He denied raping Doe.

However, when Doe asked Escovedo why he touched her, Escovedo responded, "uh, why —why did you let me for?"  Escovedo also said he had "asked for forgiveness and everything."  When Doe said that Escovedo owed her an apology, he responded "I'm sorry.  Okay?  Can you forgive me?"  Doe then asked if he was "apologizing for, touching me without my permission when I was a child?" Escovedo responded, "yeah."  Doe said she could forgive Escovedo if he was genuinely sorry, but she wanted to know why he did it.  Escovedo responded, "I don't know myself either.  Okay?  What brought all this up?"  Doe asked Escovedo if he was now claiming that he did not remember what happened. He responded, "well, I'm asking for forgiveness … – if you say that I did all that, I ask you for forgiven[ess]."  Escovedo also said he had confessed everything to a priest.

Escovedo denied raping Doe, but when Doe asked him if he remembered "touching [her] vagina when [she] was little," Escovedo said, "okay.  I did.  Alright."  Doe then asked, "how many times did you touch me?

3

Cause it's so— it's so hard for me not being able to remember." Escovedo said he did not remember. Doe asked, "like can you just tell me how young I was the first time it happened." Escovedo said, "I can't remember myself. I think you was about 6 or 7." Escovedo also said, "I remember you used to go to bed with us. You know? And you always used to g–go to bed with me and your grandma." Doe responded that was when Escovedo touched her, and he said "yeah." Escovedo also said he kissed Doe's vagina at her request.

After the recorded call with Doe, Detective Rodriguez-Bahena also interviewed Escovedo over the phone. The audio recording of the interview was played for the jury. During the interview, Escovedo denied molesting Doe and claimed Doe did not sleep in the same bed as him and his wife.

Escovedo testified in his own defense. At the time of trial, he was 87 years old and lived alone in Hanford, California. Escovedo had lived in Hanford for 40 years and had been married to Doe's grandmother, who was deceased, for about 30 years. Escovedo and Doe's grandmother each had three children from prior relationships. Escovedo testified that Doe and her brother occasionally spent the night at his home in San Diego with Doe's grandmother, and sometimes the children's mother also stayed over. Escovedo said that he and Doe's brother would sleep on couches in the living room, and Doe slept upstairs with her grandmother.

Escovedo did not learn that Doe had accused him of abuse until Doe's mother sent a letter to Doe's grandmother accusing Escovedo of raping Doe. Doe's grandmother received the letter three or four years before she passed away, and it resulted in her ending her marriage to Escovedo. Escovedo denied molesting Doe and denied that it was his voice on the recorded call with Doe.

4

The San Diego District Attorney charged Escovedo with three counts of committing a lewd act on a child under the age of 14 years in violation of section 288, subdivision (a). Each count also set forth an allegation that Escovedo had substantial sexual conduct with the victim within the meaning of section 1203.066, subdivision (a)(8). Shortly after the charges were filed, the trial court declared a doubt regarding Escovedo's competence to stand trial and suspended criminal proceedings under section 1368. Ten months later, the court found Escovedo competent to stand trial and reinstated criminal proceedings. Thereafter, the district attorney filed an amended information containing the same allegations.

After the completion of the trial testimony and brief deliberations, the jury found Escovedo guilty of all three violations of section 288, subdivision (a) and found true the substantial sexual conduct allegation for each count. At the sentencing hearing, the court imposed a prison term of six years, consisting of six years for count 1 and concurrent six year terms for counts 2 and 3. The trial court also ordered Escovedo to pay: (1) a $2,000 restitution fine; (2) a $2,000 parole revocation fine; (3) a $80 court operation assessment; (4) a $60 conviction assessment; and (5) a $300 sex offender fine under section 290.3.

Escovedo filed a timely notice of appeal from the judgment of conviction.

## DISCUSSION

As stated, Escovedo's appellate counsel filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 and *Anders, supra*, 386 U.S. 738. Counsel included a statement of the case and facts but argued no grounds for reversal of the judgment. Escovedo's counsel asked this court to independently review the record for error. Pursuant to *Anders*, counsel identified one issue to assist

5

the court:  (1) Whether Escovedo's prosecution was barred by the statute of limitations in section 803, subdivision (f).  We reviewed the entire record as required by *Wende* and *Anders*.  We have found no arguable issues for reversal on appeal.  Competent counsel represented Escovedo at trial and on appeal.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:

BUCHANAN, J.

RUBIN, J.

6